# EXHIBIT H


**RG&E**

Jeffrey A. Rosenbloom
General Counsel, NYSEG/ RG&E

April 16, 2020

**VIA OVERNIGHT & ELECTRONIC MAIL**
Mr. Hugo Carle
General Manager, Compact Hydro Division
Andritz Hydro Canada Inc.
6100 Trans-Canada Highway
Pointe-Claire, QC
H9R 189, Canada
Email: hugo.carle@andritz.com

   RE: RG&E Station 2 New Unit Project, Supply of Generating Unit (the
       "Project")

Dear Mr. Carle:

   I am General Counsel for Rochester Gas and Electric Corporation ("RG&E"), a subsidiary of AVANGRID Networks, Inc. This letter responds to your letters dated November 4, 2019 and March 20, 2020, respectively, sent to David Kimiecik, Vice President of Energy Services and Carl Taylor, President and CEO of RG&E. Your letter of March 20 declares the parties' *General Terms & Conditions, Station 2 New Unit Project Supply of Generating Unit* dated February 8, 2008 by and between RG&E and VA Tech Hydro Canada Inc.[1] (the "February 2008 Agreement") to be terminated and asserts Andritz's entitlement to full and final termination costs of 1,126,970.48 CAD to cover "Foreign Exchange fluctuations allocated to the Contract." For the reasons set forth below, RG&E denies that it owes Andritz payments related to currency fluctuations or for any other reason.

   As you know, in October 2008 RG&E validly exercised its contractual rights to suspend the Project.[2] By letters dated February 2009 and March 10, 2009, Andritz thereafter provided RG&E documents and information corroborating $1,342,315.00 in costs incurred on work performed prior to the Project's suspension. Andritz's March 10, 2009 letter confirmed that *"[p]er [RG&E's] notification letter dated October 24, 2008 Andritz [] immediately ceased all of its activities, as well as any activities of all . . . subcontractors and material suppliers related to the manufacturer and supply of the turbine-generator and associated equipment/systems for [the Project]."* After reviewing

---

[1] The predecessor company of Andritz Hydro Canada Inc. ("Andritz").

[2] See February 2008 Agreement, ¶18.

Avangrid Networks, Inc.
89 East Avenue, Rochester, NY 14649
Telephone 585-724-8197
Email: jeffrey.rosenbloom@avangrid.com

these supporting materials for the costs reasonably incurred by Andritz, RG&E completed payment of $1,392,315.60 as of December 31, 2009.

RG&E disagrees that Andritz is entitled to any additional payments under the February 2008 Agreement, whether related to "Foreign Exchange fluctuations" or otherwise. First, Andritz's claim for purported "termination costs" arising from its own currency hedges is illusory on its face. The February 2008 Agreement is clear about the category of damages available to "Seller" (as defined therein) in the event of a suspension or alleged termination for convenience.[3] Moreover, the February 2008 Agreement unambiguously calls for payments to be made in U.S. dollars[4], and nowhere suggests that RG&E agreed to assume liability for currency hedge positions independently taken by Andritz in the event the Project was suspended or canceled. Indeed, the February 2008 Agreement contains no reference to exchange rates or hedges as part of the payment terms or the parties' obligations in any context.

Additionally, Andritz's stale claim for losses arising from its independent currency hedge positions ignores the February 2008 Agreement's clear Limitation of Liability provision, which disclaims both parties from bearing liability for "*incidental, special, indirect, punitive or consequential damages of any kind....*"[5] Such clauses are routinely enforced, particularly when contained in commercial agreements between sophisticated corporate entities.[6] It is well-established under New York law that damages arising from third-party collateral business arrangements are deemed to be "consequential" or "special" in nature, and are recoverable only where found to be "fairly within the contemplation of the parties."[7]

Here, the February 2008 Agreement makes no reference to Andritz entering into "foreign currency hedging contracts" with third parties in connection with the Project to satisfy its own Risk Management Guidelines,[8] nor does it contemplate RG&E bearing the risk of loss from such hedging arrangements. What is clear, however, is that the parties unambiguously determined at the outset to mutually disclaim liability for consequential

---

[3] Id.

[4] See Schedule D, at p. 4.

[5] Id. at ¶41.

[6] Bristol Vil., Inc. v. Louisiana-Pac. Corp., 170 F. Supp. 3d 488, 507 (WDNY 2016) (granting summary judgment striking buyer's claim for consequential damages because warranty's limitation of liability and exclusive remedy clauses were not unconscionable); Xerox Corp. v. Graphic Mgt. Services Inc., 959 F. Supp. 2d 311, 320-21 (WDNY 2013) (barring recovery of consequential damages where defendants, whom the court described as "sophisticated," failed to demonstrate that the underlying agreement's limitation of consequential damages clause was unconscionable).

[7] See Biotronik A.G. v. Conor Medsystems Ireland, Ltd., 22 NY3d 799, 805-07 (2014); Tractebel Energy Mktg., Inc. v AEP Power Mktg., Inc., 487 F3d 89, 108 (2d Cir 2007); Kenford Co. v. County of Erie, 67 NY2d 257, 261 (1986).

[8] This was how Andritz described its currency hedging contracts in its letters to RG&E's Chris Calice from February 13, 2009 and March 10, 2009, respectively. Critically, neither of these letters alleges the parties contemplated or agreed that RG&E would bear liability for Andritz's losses arising from such hedging arrangements.

2

damages arising from the other's collateral business arrangements, such as currency hedges not referenced or contemplated by the Agreement.

In sum, RG&E has already paid Andritz a seven-figure sum that Andritz represented as its reasonably incurred costs for work on the Project. There is no support in the February 2008 Agreement (or anywhere else) suggesting the parties agreed that RG&E would be liable for Andritz's consequential losses arising from its own third-party currency hedging positions. Finally, we gather from your most recent letter that Andritz considers the February 2008 Agreement to be terminated. While RG&E has never issued a termination notice under the February 2008 Agreement, we understand that Andritz has hereby confirmed that it has terminated the Agreement.

For the above reasons, RG&E considers this matter to be closed.

Sincerely,

Jeffrey A. Rosenbloom
General Counsel, NYSEG/ RG&E
Deputy General Counsel,
Avangrid Networks, Inc.